IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

UNITED STATES OF AMERICA,

    Plaintiff,

v.                          CRIMINAL ACTION NO. 3:05CR65
                              (JUDGE BROADWATER)

DAVID J. ROBINSON,

    Defendant.

## REPORT AND RECOMMENDATION THAT DEFENDANT'S MOTION TO TAKE BACK OR WITHDRAW GUILTY PLEA BE DENIED

### I. Introduction

A.     Background

Defendant is the only defendant charged in a two count indictment related to distribution of crack cocaine. Defendant was indicted September 21, 2005. Defendant pled guilty to Count Two, possession with intent to distribute 2.4 grams of crack cocaine on January 4, 2006. On January 23, 2006, defendant filed motions to withdraw his plea and to disqualify his counsel. On February 1, 2006, the Court appointed new counsel for defendant. On February 13, 2006, defendant filed pro se a second Motion to Withdraw His Guilty Plea. On March 10, 2006, counsel for defendant advised that defendant did not wish to proceed with the two Motions to Withdraw His Guilty Plea. A sentencing hearing was held April 7, 2006 and a Judgment and Commitment Order entered April 10, 2006. Count One was dismissed. Defendant was sentenced on Count Two to 188 months imprisonment, 3 years of supervised release, $1,100.00 fine and $100.00 special assessment. On June 16, 2006, defendant filed his third Motion to Take Back or Withdraw Guilty Plea which was referred to me July 21, 2006.

B.   The Motion

Motion to Take Back or Withdraw Guilty Plea.[1]

C.   Recommendation

I recommend the Motion to Take Back or Withdraw Guilty Plea be **DENIED** because the underlying plea was both counseled and voluntary and no fair and just reason exists upon which to grant a withdrawal.

II. Facts

The plea hearing took place January 4, 2006. Defendant was represented by Assistant Public Defender Brian Crockett; was sworn; can read, write and understand English; had no medicine, drugs or alcohol within the last 24 hours; and understood the oath meant he must tell the truth. (Tr. at 3). Defendant agreed that the plea hearing be conducted by a Magistrate Judge. (Tr. at 5). In the Rule 11 colloquy, the Court specifically asked Defendant if the Court accepted his plea, he would have no right to withdraw it. (Tr. at 14-15). The Defendant said he understood that. (Tr. at 15). Defendant then pled guilty to possession with intent to distribute 2.4 grams of crack cocaine. (Tr. at 19). Defendant said his attorney had done a good job representing him. (Tr. at 20). Defendant said he was in fact guilty of the crime to which he pled guilty. (Tr. at 21). Mr. Crockett, Defendant's first counsel who was present at the plea hearing, is an Assistant Public Defender who was a law clerk to the District Judge prior to becoming an Assistant Public Defender.

Defendant stipulated to a total drug relevant conduct of 1176 grams of cocaine base in the plea agreement in paragraph 9.

---

[1] Doc. No. 62.

III. <u>Discussion</u>

Defendant's motion lists three reasons why he should be allowed to withdraw his guilty plea. First, incompetent counseling, claiming his second lawyer, Mr. Taylor, said he would withdraw from the case if Defendant did not take the plea. Second, Defendant said he was not guilty of distributing 499 grams of crack cocaine. Third, Defendant said he only pled because his lawyer said he would not represent the Defendant if Defendant went to trial.

Consideration of a Motion to Withdraw a Plea is usually confined to whether the plea was counseled and voluntary and the most important consideration is the Rule 11 colloquy. <u>United States v. Bowman</u>, 348 F.3d 408, 414. In addition, the Court has listed six (6) additional factors to consider, although there may be other relevant inquiries. <u>Id.</u>

Defendant had counsel at the Rule 11 hearing. Defendant stated Mr. Crockett had done a good job representing him and that nothing had been left undone or done wrong. (Tr. 22-23). The purpose of the Rule 11 hearing is to make sure the plea is voluntary. The Court must rely on what the Defendant says under oath. The only conclusion from reading the plea hearing transcript is that the plea was both voluntary and counseled.

The first additional factor to be considered is whether Defendant offers credible evidence that his plea was not knowing or not voluntary. Defendant offers no such evidence. Second, Defendant has not credibly asserted his legal innocence. His motion claims he did not distribute 944 grams of crack, yet he stipulated to 1176 grams of crack in the plea agreement. Third, there has not been much delay between the plea and filing the motion. Defendant pled guilty January 4, 2006. Defendant filed his first Motion to Withdraw His Plea January 23, 2006. He received new counsel

February 2, 2006. He filed a second Motion to Withdraw His Plea February 13, 2006. He withdrew his Motions to Withdraw Guilty Plea March 10, 2006. Defendant filed his third Motion to Withdraw His Guilty Plea June 16, 2006. Fourth, Defendant has had the close assistance of two separate, competent, experienced criminal defense counsel. Fifth, the only prejudice to the Government is it will have to go to trial. Sixth, there will be some inconvenience to the Court and some wasting of judicial resources.

It seems to me the least important factors are prejudice to the Government and inconvenience to the Court. The reality is the Defendant had competent counsel and made a voluntary and counseled plea. The sentence is a long one as Congress intended for distributers of crack cocaine. Defendant made a knowing, intelligent, and voluntary plea. His sentence is much longer than he would prefer. However, the law requires in these circumstances he not be allowed to withdraw his plea.

## IV.  Recommendation

I recommend the Motion to Take Back or Withdraw Guilty Plea be **DENIED** because the underlying plea was both counseled and voluntary and no fair and just reason exists upon which to grant a withdrawal.

Any party who appears pro se and any counsel of record, as applicable, may, within ten (10) days from the date of this Report and Recommendation, file with the Clerk of the Court an original and two (2) copies of the written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such Report and Recommendation.

The Clerk of the Court is directed to provide a copy of this Report and Recommendation to parties who appear pro se and all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED: August 3, 2006

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE