**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**UNITED STATES OF AMERICA,**

     Plaintiff,

**v.**                                                      **CRIMINAL ACTION NO.: 3:05-CR-65-1
(GROH)**

**DAVID JOSE ROBINSON,**

     Defendant.

**ORDER DENYING DEFENDANT'S MOTION TO
REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582(c)(2)**

     Pending before this Court is the Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2), [ECF 119], in which the Defendant seeks a reduction of his sentence under Amendment 782 to § 2D1.1 of the United States Sentencing Guidelines.

     18 U.S.C. § 3582(c)(2) provides that a "court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based upon a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(*o*), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission."

     In considering reductions under § 3582(c)(2), neither the appointment of counsel nor

a hearing is required.  See United States v. Dunphy, 551 F.3d 247 (4th Cir.), cert. denied, 129 S. Ct. 2401 (2009); Fed. R. Crim. P. 43(b)(4) (stating that a defendant's presence is not required in a proceeding involving the reduction of sentence under 18 U.S.C. § 3582(c)).

This Court has also considered the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the Defendant's term of imprisonment in determining (1) whether a reduction in sentence is warranted; and (2) the extent of such reduction, but only within the limits described in USSG § 1B1.10(b).

"In determining the amended guideline range, this court will only make changes to the corresponding guideline provision, which is affected by Amendment [782], and all other guideline decisions will remain unaffected."  United States v. Gilliam, 513 F. Supp. 2d 594, 597 (W.D. Va. 2007) (citing USSG § 1B1.10); see also Dillon v. United States, 560 U.S. 817, 826 (2010) ("Section 3582(c)(2)'s text, together with its narrow scope, shows that Congress intended to authorize only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding.").

In this case, despite the fact that the appointment of counsel is not required, the Defendant's interests are represented by the Federal Public Defender, who reviewed this case on the Defendant's behalf.  In addition, at this Court's request, the United States Probation Office has reviewed the Defendant's eligibility for a sentence reduction under 18 U.S.C. § 3582(c)(2) and has calculated the Defendant's amended guideline range.

In this case, the sentencing judge found a base offense level of 34, based upon a finding that the Defendant was a career offender, less three levels for acceptance of responsibility, for a total offense level of 31. With a criminal history category of VI, the

guidelines provided a sentencing range of 188-235 months. The judge sentenced the Defendant to 188 months incarceration.

Under the retroactive 2007 crack guideline amendments, the Defendant's base offense level did not change due to his being found to be a career offender. Nevertheless, the Defendant's sentence was inadvertently reduced to 151 months.

Under the retroactive 2010 crack guideline amendments, the base offense level for a career offender did not change. Accordingly, the Defendant did not receive a reduction.

Under the Amendment 782 Guideline Calculations, the Defendant's base offense level as a career offender has not changed. Furthermore, even if the Defendant had not been found to be a career offender, this Court finds that he is an exceedingly dangerous individual. If necessary, the Court would exercise its discretion in denying the Defendant a reduction.

Accordingly, the Court **DENIES** the Defendant's Motion to Reduce Sentence Pursuant to 18 U.S.C. § 3582(c)(2).

The Clerk is hereby directed to transmit copies of this Order to all counsel of record herein and the USPO and to mail a copy to the Defendant.

**DATED:** May 4, 2015

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE